ARTHUR BISHOP *vs.* FRANK L. BURKE.

Essex. November 5, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, BRALEY, DE COURCY, JJ.

*Agency. Practice, Civil,* Exceptions. *Evidence,* Best and secondary.

Questions raised by the tenant in a writ of entry upon the trial of issues before a jury, as to the authority of the treasurer of a certain corporation to deliver a certain deed in behalf of the corporation, were held to have been disposed of by a decision of this court made at a previous stage of the same case and reported in 207 Mass. 133.

At a trial in the Superior Court of issues framed by the Land Court, a record of a vote of the executive committee of a corporation was offered in evidence and was excluded by the presiding judge, subject to an exception. The report of the judge of the Land Court stated in substance the vote in question and the record containing it, and this report was admitted in evidence without qualification after the ruling excluding the record had been made, and so far as appeared was given its full probative effect. *Held,* that, assuming that the exclusion of the record of the vote was erroneous, the party who offered it in evidence was not harmed by its exclusion.

WRIT OF ENTRY to recover possession of certain real estate in Rowley. Writ in the Land Court, dated April 14, 1908.

In the Land Court *Davis*, J., found for the tenant and ordered judgment accordingly. The demandant appealed to the Superior Court and three issues were framed. These issues were tried before *Fox*, J., who ordered the jury to answer each of the issues in the negative. The demandant alleged exceptions, which were in part sustained by this court in a decision reported in 207 Mass. 133. It was ordered by this court that the verdict upon the third issue should stand, but that the demandant's exceptions should be sustained as to the first and second issues, and that there must be a new trial upon those issues only.

The new trial in the Superior Court was before *Bell*, J. The issues for trial were as follows:

"1. Was the instrument dated December 23, 1907, purporting to be a deed from the Massachusetts Universalist Convention to Frank L. Burke, authorized by said Convention?

"2. Was said instrument duly delivered to the tenant?"

The Massachusetts Universalist Convention was a Massachusetts corporation, of which Sidney H. Buttrick was the treasurer.

At the close of the evidence the tenant made certain requests for rulings, of which the judge refused to make the first, second and fifth, which are described in the opinion. The tenant contended that he also refused to make a part of the fourth ruling requested, but it was held by this court that this ruling was given in substance. An exception to the exclusion by the judge of a certain record of the executive committee of the Massachusetts Universalist Convention, offered in evidence by the tenant, is described in the opinion.

The jury answered both of the issues in the affirmative; and the tenant alleged exceptions.

The case was submitted on briefs.

*G. B. Blodgette*, for the tenant.

*S. Parsons & W. A. Bishop*, for the demandant.

RUGG, C. J. Most of the questions of law raised upon this record have been disposed of adversely to the contention of the tenant by the previous decision in 207 Mass. 133. The material evidence now disclosed is not different in any substantial respect from that when the case was here before.

The tenant's first request, to the effect that the only authority of Sidney H. Buttrick on December 23, 1907, the date of the deed to the tenant, was to sell after entry for breach of condition, could not have been given rightly. There was evidence from the report of the judge of the Land Court to the effect that the executive committee had given to the treasurer personal discretion in the matter of selling the demanded premises.

The second request, to the effect that the handing of the deed to the tenant by Buttrick never operated as a delivery by the Massachusetts Universalist Convention, likewise was denied rightly. The reasons on both these points are stated in the previous opinion.

The fourth request was given in substance.

There was no error in the refusal to grant the fifth request, which in effect was that if, at the time the deed was handed to the tenant, Buttrick "was not duly authorized so to do by the Massachusetts Universalist Convention, such handing of the said instrument would not be the delivery of a deed of the Massachusetts Universalist Convention." Whether such authority had been conferred depended not alone upon the records of the convention and the formal votes of its executive committee, but also upon the inferences flowing from all that was said and done, and the circumstances attending the transaction, and was a fact for the jury to find upon all the evidence. The jury answered the question, whether the deed was authorized by the Universalist Convention, in the affirmative. That answer disposes of this request and renders it immaterial. While not stated in categorical terms, it is implied throughout the charge that if Buttrick was not in truth empowered to deliver the deed, his mere handing of the instrument to the tenant would not be the act of the corporation. It does not seem probable that the jury could have been misled in this respect.

The tenant excepted to the exclusion from the evidence of the record of the executive committee of the convention under date of April 6, 1908, more than three months after the deed had been handed to the tenant, whereby it was voted that Buttrick as treasurer be authorized and directed to enter upon and take possession of the premises for breach of condition. It may be assumed that this evidence was competent. But the tenant has

suffered no harm in this regard, because the substance of this vote and record was set out with sufficient amplification in the report of the judge of the Land Court. This report was admitted in evidence without qualification after the ruling excluding the record. This gave the tenant all that he was entitled to. *Boisvert* v. *Ward,* 199 Mass. 594, 597. There is nothing to indicate that the report was not allowed by the Superior Court judge to carry its full probative effect, or that the tenant was prevented from making such use of it in argument as he chose.

The charge might have been more full, but cannot be said to have been erroneous. If the jury were confused and brought in a verdict contrary to the weight of the evidence, as is argued by the tenant, that was a matter for consideration on motion for a new trial. In view of what was decided when the case was here before, it cannot be ruled now that there is error of law apparent on the record.

*Exceptions overruled.*