ROSARIO LEMBO & another *vs.* TOWN OF FRAMINGHAM.

Middlesex.    October 6, 1953. — October 29, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Evidence,* Of value, Opinion, Relevancy and materiality. *Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether error harmful.

The mere fact that a witness was one of the owners of a store whose fair market value was in issue did not show error in the exclusion of his opinion as to its rental value. [462–463]

On the issue of the fair market value of real estate taken by eminent domain in 1948, there was no error in admitting evidence of the price paid for it in a purchase in 1944. [463]

The petitioners in a proceeding for assessment of damages for a taking of real estate by eminent domain were not harmed by the admission of immaterial evidence that when they bought the property a few years before the taking there was a mortgage in a certain amount on it. [463–464]

PETITION for assessment of damages for a taking by eminent domain, filed in the Superior Court on May 20, 1949, against the county commissioners of the county of Middlesex, the town of Framingham, and a mortgagee of the premises taken.

The case was tried before *Dowd*, J.

The county commissioners made the taking in question in 1948 for highway purposes and provided in their order that the town of Framingham should pay "all . . . damages, costs, and expenses . . . in consequence of this order."

The mortgage upon the premises was paid before trial of the case. The petitioners "waived their action" as against the county commissioners and it was stipulated that "the award of damages would be solely against" the town of Framingham and that "the sole issue would be the amount of damages."

*John F. Sullivan*, for the petitioners.

*Dewey C. Kadra*, (*E. John Ferrazzi*, Town Counsel, with him,) for the respondent.

LUMMUS, J. The county commissioners of Middlesex County in 1948 took land of the petitioners in Framingham for highway purposes, awarding $5,000 to the petitioners as damages to be paid by the respondent town. The premises taken consisted of 5,150 square feet of land, with a frame building on it which contained on the first floor a grocery store operated by the petitioners, two rooms in the rear in which they lived, and two other rooms let for $8 a week, and on the second floor two living apartments rented for $7 a week each.

The jury awarded the petitioners $8,965, and they alleged exceptions to rulings as to the admission and exclusion of evidence.

The petitioner Rosario Lembo testified that the fair market value of the entire real estate at the time of the taking was $40,000. He was asked by his own counsel what was the fair rental value of the store. That was excluded, and the petitioners excepted and offered to prove that the answer would be $75 a month with $75 more for

the storage room. Ordinarily the rental value of real estate may be received in evidence as affording some indication of the fair market value. *Lincoln* v. *Commonwealth*, 164 Mass. 368, 380. *Matter of City of New York*, 118 App. Div. (N. Y.) 272. But the ultimate question is the fair market value for the purpose of sale. That question was fully tried upon the evidence of expert witnesses for both parties. Rosario Lembo was not shown to have had any experience in hiring or letting stores. The judge was not required to find him qualified to express an opinion as to the rental value of a store. Though Rosario Lembo owned the store, his ownership alone did not require the judge to admit his opinion as to its rental value, even if in his discretion he might have done so. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503 et seq. *Rubin* v. *Arlington*, 327 Mass. 382. Moreover, an expert witness for the petitioners was later permitted to testify as to the rental value of the store. *Bishop* v. *Burke*, 216 Mass. 231, 233–234.

The respondent was permitted, subject to the exception of the petitioners, to show that they paid only $4,000 for the real estate in 1944. That evidence was competent, unless the lapse of four years from the purchase makes it incompetent. *Ham* v. *Salem*, 100 Mass. 350, 352. *Manning* v. *Lowell*, 173 Mass. 100, 104. The petitioners contend that we should notice judicially a rapid rise in real estate values during those four years. Whether the time of buying the property was so remote in time that the price would afford no indication of the value at the time of the taking was largely within the discretion of the judge. *Johnson* v. *Lowell*, 240 Mass. 546, 549–550. The conditions during the four years in question were doubtless within the memories of the jurors, and they could make due allowance for them. We think that there was no error in the admission of this evidence.

The petitioners excepted to the admission in evidence of the fact that when they bought the property it had on it a mortgage of about $1,100, which has since been paid and discharged. The amount of any mortgage was im-

material, since the jury were to value the property without regard to any encumbrance. *Farnsworth* v. *Boston,* 126 Mass. 1. *Bates* v. *Boston Elevated Railway,* 187 Mass. 328, 337. It cannot be supposed that the jury would think that the existence of a mortgage for $1,100 would furnish any basis for determining the value of the property. We think that the admission of this immaterial evidence could not injuriously affect the substantial rights of the petitioners. G. L. (Ter. Ed.) c. 231, § 132.

*Exceptions overruled.*