ANGELO VILLALOBO & others *vs.* RENT BOARD OF BOSTON & another. May 5, 1978. 1. The appeals from the order of May 12, 1975, are not properly before this court and must be dismissed. That order is a seventeen page decision entitled "Finding and Ruling," which is by its nature a ruling by the judge on but one issue involved in the case: namely, whether the rent board exceeded its powers in promulgating Rent Regulation 8, § 2(d) (as in effect after March 15, 1973), which defined the "new construction" exemption appearing in Ordinances of 1972, c. 19, § 1(e)(iii), to include certain reconstructed or rehabilitated rental units. The case was governed procedurally by the Massachusetts Rules of Civil Procedure (see Mass.R.Civ.P. 1, 365 Mass. 730 [1974]), and no judgment was entered in accordance with the requirements of Mass.R.Civ.P. 58(a), 365 Mass. 826 (1974). *Soja* v. *T. P. Sampson Co.*, 373 Mass. 630, 631 n.1 (1977). Unlike *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket*, 5 Mass. App. Ct. 206, 207-208 (1977), and *Tisei* v. *Building Inspector of Marlborough*, 5 Mass. App. Ct. 328, 330 (1977), this is not a case in which nothing remains to be done in the trial court but the ministerial act of entry of judgment, because the order appealed from did not have the effect of finally adjudicating the rights of the parties or the issues in the case. See *Haufler* v. *Commonwealth*, 372 Mass. 527 (1977). There remained, for example, the question whether the HUD preemption regulation, 24 C.F.R. § 403.1 et seq., had the effect of preempting entirely any jurisdiction of the rent board over the federally subsidized rental units occupied by the plaintiffs. See *Boston* v. *Hills*, 420 F. Supp. 1291 (D. Mass. 1976); *Rent Bd. of Boston* v. *Druker*, 370 Mass. 348 (1976). (That question has not been waived; the stipulation that it need not be dealt with was limited to the judge's consideration and disposition of the plaintiff's motion for a preliminary injunction.) There has been no resolution of such issues as whether the plaintiffs were entitled to prior notice of the exemption application; whether the leases of the plaintiffs had

been renewed or extended on the basis of the prior rental; and whether the reconstruction of the rental units in question was such as to come within the terms of Rent Regulation 8, § 2(d), if valid. This state of the record reflects the fact that there has been no hearing on the merits of the case: the record makes it clear beyond doubt that the proceedings which preceded the order appealed from were geared solely to the question whether the plaintiffs' motion for a preliminary injunction should be allowed (a motion which appears to remain undisposed of). In no way is this reading of the record inconsistent with the judge's statement that all parties expected a decision on the validity of § 2(d); there is nothing inconsistent in making what is intended to be a final ruling on an important question of law at the preliminary injunction stage of the litigation, although the general practice is otherwise. The critical factor in this case is that the judge's ruling on that question of law, though doubtless intended to be final, did not by implication dispose of all the contested issues in the case necessary to adjudicate the rights of the parties. Contrast *Hurwitz* v. *Directors Guild of America, Inc.,* 364 F.2d 67, 69-70 (2d Cir.), cert. denied, 385 U.S. 971 (1966). Indeed, until the court has acted on the plaintiffs' apparently still undisposed-of motions to be certified as representatives of a class and to amend their complaint, it cannot be determined with precision who the parties are or what the issues are. 2. Nothing herein should be read as implying (a) that we disagree with the conclusion reached by the judge that the question of the validity of § 2(d) is one solely of law and requires no factual development or (b) that we have considered the correctness of his ruling on that question. 3. The appeal from the judge's order denying the defendants' motion to vacate judgment is treated as waived in view of our determination that no judgment has entered. 4. We have considered the defendants' requests that we make various procedural orders relative to the conduct of further proceedings in the trial court, and we decline to do so. The appeals are dismissed and the case is remanded to the trial court for such further proceedings as may be necessitated in light of this opinion.

*So ordered.*

The case was submitted on briefs.
*James J. Cotter, III,* for the plaintiffs.
*Daniel M. Polvere,* for Rent Board of Boston.
*Alix Smullin* for North American Development Company, Inc.