MARTIN J. ROACH vs. NEWTON REDEVELOPMENT AUTHORITY
(and a companion case between the same parties).

Middlesex.   April 7, 1980. — July 15, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Damages*, Eminent domain.  *Eminent Domain*, Damages.  *Value*.  *Evidence*, Value.

In an action pursuant to G. L. c. 79, § 22, which was tried before a judge
    without a jury, the judge did not abuse his discretion in admitting
    evidence of a post-taking rezoning as it bore on the probability that
    rezoning could have been obtained by a private owner.  [138-139]
In an action pursuant to G. L. c. 79, § 22, which was tried before a judge
    and jury following a trial of the action before a judge without a jury,
    the second judge did not err in reading to the jury the findings of the
    first judge, including a finding that there had been a post-taking
    rezoning, even though the second judge had excluded evidence of such
    a zoning change.  [139-140]

CIVIL ACTIONS commenced in the Superior Court on May
5, 1971, and December 12, 1972.

The cases were tried before *Bonin*, C.J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Philip M. Cronin* for the defendant.

*Robert Cohen* (*John F. Mulhern* with him) for the plaintiff.

BRAUCHER, J.  Pursuant to G. L. c. 79, § 22, this eminent
domain case was tried twice in the Superior Court, first
before a judge without a jury (the first judge) and second
before a judge and a jury.  The dominant issue at both trials
was whether there was a reasonable probability at the times
of the takings that the land would soon be rezoned from
single family residential use to commercial or business use.
The first judge admitted evidence that after the takings the
defendant Authority had obtained such a zoning change.

The second judge excluded such evidence, and instructed the jury not to consider any such rezoning, but he read to them the findings of the first judge, including a finding that there had been such a rezoning. Following *Haufler* v. *Commonwealth*, 372 Mass. 527 (1977), as to the procedure, we hold that there was no error.

In 1969 and 1970 the Authority took by eminent domain two adjacent parcels of the plaintiff's land, comprising 372,994 square feet located near the intersection of Routes 16 and 128 in Newton. The plaintiff's claims for damages were consolidated, and the first judge awarded the plaintiff $559,481. The plaintiff claimed trial by jury, and the jury awarded him $1,186,101. The Authority appealed, and the Appeals Court affirmed the judgments. *Roach* v. *Newton Redevelopment Auth.*, 8 Mass. App. Ct. 618 (1979). We granted the Authority's application for further appellate review to consider the evidentiary rulings described above, and we affirm.

The first judge explicitly found that "there was a reasonable probability that a zoning change could be obtained for that purpose by a private individual. I find that such a zoning change was obtained by the Newton Redevelopment Authority and that this land is presently being utilized for these purposes." The jury answered "Yes" to the question, "Just prior to the takings in 1969 and 1970 (and for these purposes they may be considered as one taking), was there a reasonable probability that the land in question owned by the petitioner would soon be rezoned from single family residence use to commercial or business use?" The Appeals Court held that the evidence at both trials, apart from the disputed evidence, was sufficient to permit such findings. That holding is not now contested.

1. *The setting.* It is common ground that the fact that a potential use is prohibited by the zoning law at the time of the taking does not prevent its consideration as an element of value "if there was then a reasonable prospect that the bar would soon be lifted." In deciding whether the proof has gone far enough to warrant consideration of such a use,

"the judge has a margin of ultimate discretion." *Skyline Homes, Inc.* v. *Commonwealth,* 362 Mass. 684, 687 (1972), and cases cited. *Colonial Acres, Inc.* v. *North Reading,* 3 Mass. App. Ct. 384, 386-387 (1975). See 4 Nichols, Eminent Domain § 12.322[1] (rev. 3d ed. 1979). Actual amendment of the zoning law, subsequent to the taking, may be "weighty evidence" of such a prospect. *Id.* at § 12.322[2] at n.11. On the other hand, it is settled that "a person whose land is taken for public use cannot recover the enhancement in value due to the improvement for which the land is taken." *Cole* v. *Boston Edison Co.,* 338 Mass. 661, 665-666 (1959), and cases cited. Hence a probability of rezoning or an actual change in zoning cannot be taken into account if it "results from the fact that the project which is the basis for the taking was impending." 4 Nichols, *supra,* § 12.322[1] at n.7.1.

Under our procedure the first judge is to file a "written decision or finding" which "shall include a statement of any damages that are awarded and a report of the material facts found by him." At a subsequent jury trial, the "decision or finding, including any award of damages, shall be prima facie evidence upon such matters as are put in issue by the pleadings." G. L. c. 79, § 22, as appearing in St. 1973, c. 983, § 1. We note that the first judge's report of material facts is explicitly required to be included in his "decision or finding" but is omitted from the provision that the "decision or finding" is to be "prima facie evidence" at the jury trial.

The "decision or finding" can be the subject of interlocutory review only if the first judge reports an issue to the Appeals Court; otherwise an error of law at the nonjury trial may result in reversal of a judgment following the subsequent jury trial. *Haufler* v. *Commonwealth,* 372 Mass. 527, 530 (1977). The second judge "is free to exercise his discretion concerning the admission of evidence, admitted or excluded at the earlier trial, without being bound by what the first judge may have done," but he "may not exclude the first judge's decision because he disagrees with the first judge's determination of a question of law." *Id.* at 530

n.3. Contrast the practice under G. L. c. 231, § 102C: on retransfer from a District Court to the Superior Court, "a Superior Court judge is not obliged to accept a District Court judge's finding without question even if it is supported by an Appellate Division decision." *Harrison* v. *Textron, Inc.*, 367 Mass. 540, 553 (1975). See *Henry* v. *Mansfield Beauty Academy, Inc.*, 353 Mass. 507, 508-509 (1968).

2. *The nonjury trial.* We accept the conclusion of the Appeals Court that the defendant adequately saved its right to appellate review of the first judge's ruling admitting the disputed evidence. 8 Mass. App. Ct. at 623 n.9. Under the *Haufler* case, if his decision or finding were the product of an error of law, the admission of the decision or finding as prima facie evidence at the jury trial might require new or further proceedings before a judge without a jury and possibly a new jury trial. 372 Mass. at 530.

A posttaking amendment to the zoning law "should not be excluded solely because of the time sequence. But such evidence should be carefully confined to its proper role. It may serve only to support the reasonableness of the factual claim that on the date of taking the parties to a voluntary sale would have recognized and been influenced by the probability of an amendment in the near future in fixing the selling price. The fact would still remain that on the date of taking the property was otherwise zoned, and the value as of that date must still be reached on the basis of facts as they then would have appeared to and been evaluated by the mythical buyer and seller." *State* v. *Gorga*, 26 N.J. 113, 118 (1958). See *Morgan* v. *Overland Park*, 207 Kan. 188, 192 (1971); *Masten* v. *State*, 11 App. Div. 2d 370, 372 (1960), aff'd, 9 N.Y.2d 796 (1961). Cf. *Holyhood Cemetery Ass'n* v. *Brookline*, 215 Mass. 225, 257 (1913) (adaptability of land for cemetery purposes); *Teele* v. *Boston*, 165 Mass. 88, 92 (1896) (adaptability for public park).

In some circumstances, posttaking rezoning at the instance of the taking authority may not indicate that a private developer could have obtained a similar zoning change. See, e.g., *D'Annolfo* v. *Stoneham Hous. Auth.*, 375 Mass.

650, 657 (1978); cf. *Colonial Acres, Inc.* v. *North Reading,* 3 Mass. App. Ct. 384, 387 (1975) (special permit). On the other hand, the actual rezoning may sometimes indicate that a particular objection to similar rezoning at the instance of a private owner is without substance. Care must be taken to distinguish "between availability for public use which constitutes availability even in private hands and availability which is peculiar to the government." 4 Nichols, Eminent Domain § 12.315, at 12-403 (rev. 3d ed. 1979). Where there is danger that the distinction may be blurred, the judge may in his discretion exclude the evidence even though it has some relevance. See *D'Annolfo* v. *Stoneham Hous. Auth.,* 375 Mass. 650, 662 (1978).

We do not adopt the suggestion of the Appeals Court that the disputed evidence was admissible if "the subsequent change of zone was not *solely or primarily* due to the talents or political leverage of the taking authority or the specific characteristics of its project." 8 Mass. App. Ct. at 627. We do not speculate as to the motives of the city authorities. See *Turnpike Realty Co.* v. *Dedham,* 362 Mass. 221, 226 (1972), cert. denied, 409 U.S. 1108 (1973); 4 Nichols, Eminent Domain § 12.322 [2] n.11 (rev. 3d ed. 1979). But if the disputed evidence bore on the likelihood that a private developer could have obtained the rezoning, we think the judge could in his discretion admit it for that limited purpose, even though the actual rezoning was in some sense due to the project which was the basis for the taking.

In the present case the first judge clearly indicated in colloquies with counsel that he would consider the disputed evidence only as it bore on the probability that rezoning could have been obtained by a private owner. That evidence had some bearing on generalized changes in the area, the flexibility of the zoning ordinance, the way in which the city was developing, and the problems of access and traffic flow. Thus there was no abuse of discretion in the admission of the evidence.

3. *The jury trial.* The second judge excluded all evidence directly or indirectly relating to the Authority's rezon-

ing efforts, and instructed the jury not to "consider any effect on zoning created by the project for which this property was in fact acquired" and not to "consider if this property was taken for urban renewal that after the urban renewal taking it was rezoned in connection with the urban renewal." Nevertheless, the Authority contends that the jury trial was irreparably contaminated when the first judge's report of material facts was read to them. That contention has an aura of unreality, since the jury took a view at which counsel for the Authority called their attention to an office building resulting from the project. The parties stipulated to the admission of the report, the Authority did not object to the instructions given, and we must assume that the jury obeyed them.

Under G. L. c. 79, § 22, the first judge's "decision or finding" was "prima facie evidence" at the jury trial. The statute does not explicitly require that his report of material facts be read to the jury, and we think it was open to the second judge to omit nonessential portions of that report if he thought they might be prejudicial or confusing. But the Authority made no such suggestion, and it is in no position to complain of his reading of the statement that the property had been rezoned.

4. *Other issues.* Other issues before the Appeals Court were not referred to in the application for further appellate review, and were not argued in the supplementary briefs filed with us. No error appears in the Appeals Court decision on those issues.

> *Judgments of the Superior Court*
> *affirmed.*