EDWARD V. KEATING, JR., trustee, *vs.* DUXBURY HOUSING AUTHORITY. February 17, 1981. 1. In this eminent domain case, which was tried to a jury after having been tried before a judge (see G .L. c. 79, § 22), the plaintiff appeals from a judgment entered pursuant to a jury verdict of $30,000. The judge had awarded damages of $104,000. There was no error in permitting one Forrest to testify as to the probability or improbability of obtaining zoning relief with respect to the property taken. By reason of training as a lawyer and membership on the board of appeals of Duxbury, Forrest possessed some specialized knowledge about what an owner of real estate might expect in the way of zoning action. A judge has broad discretion in determining whether a witness is qualified to testify as an expert, and his decision is rarely disturbed. *Rubin* v. *Arlington*, 327 Mass. 382, 384-385 (1951). *R.H. White Realty Co.* v. *Boston Redevelopment Authy.*, 3 Mass. App. Ct. 505, 508 (1975), *S.C.* 371 Mass. 452 (1976). The relevance of testimony concerning the comparative likelihood of private parties and public agencies obtaining zoning modifications was most recently noted in *Roach* v. *Newton Redevelopment Authy.*, 381 Mass. 135, 138-139 (1980). See also *D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. 650, 657 (1978).

2. After trial, it came to the plaintiff's attention that, at the time of the taking, Forrest was an associate member, rather than a regular member, of the board of appeals of Duxbury. On the ground that the trial judge, had he known this, would have acted differently in accepting Forrest's qualifications as an expert witness, the plaintiff moved for a new trial. The motion was denied. Although Forrest's status may have diminished

the weight to be accorded his testimony, it did not disqualify him as a witness. See *Commonwealth* v. *Shea*, 356 Mass. 358, 361 (1969). Compare and contrast *Carlson* v. *Holden*, 358 Mass. 22, 26-27 (1970). It was well within the judge's discretion to decide that the information about Forrest's associate status was not newly discovered or that it did not create a substantial risk that a jury exposed to it would have reached a different conclusion. *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 496 (1920). *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 655 (1980).

3. There was no error in admitting evidence of the price paid by the plaintiff approximately five years before the taking for the parcels of land which made up the locus. *Lembo* v. *Framingham*, 330 Mass. 461, 463 (1953). *H.E. Fletcher Co.* v. *Commonwealth*, 350 Mass. 316, 325-326 (1966). The degree to which the assembly of lots by the plaintiff caused the locus to be more valuable than the sum of its parts was a matter of proof which bore on the weight to be accorded the purchase prices, but not their relevance. See *Lembo* v. *Framingham*, 330 Mass. at 463.

4. The judge was not required to instruct the jury that the board of appeals would have applied the same standards to an application for zoning relief from a private party as it had in granting a variance to the Duxbury housing authority with respect to the land the plaintiff had owned. See *Colonial Acres, Inc.* v. *North Reading*, 3 Mass. App. Ct. 384, 387 (1975). See also *D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. at 657. It was sufficient, and, indeed, appropriate, for the judge to charge the jurors on the general principles they were to apply to the case, *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 678-679 (1980), namely that the jury, in determining the value of the locus at the time of the taking, should consider the effect, if any, of the probability or improbability of zoning action occurring. *Roach* v. *Newton Redevelopment Authy.*, 381 Mass. at 138-139.

*Denial of motion for a new trial affirmed.*
*Judgment affirmed.*

*Robert K. Lamere* for the plaintiff.
*Neal C. Tully (Edward I. Masterman* with him) for the defendant.