Cowdrey, P.J.
This is an action in contract to recover fees for the storage of the defendant’s motor vehicle on the plaintiffs business premises. The sole question presented for review is whether the trial court properly dismissed the plaintiff’s second draft report.
The report and docket entries presently before this Division indicate that: On November 26, 1979 the trial court issued a memorandum of its general finding for the defendant. Certain post-trial motions submitted by the plaintiff were denied on March 20, 1980; and the plaintiff thereafter filed a draft report on March 28, 1980. Said draft report was dismissed on May 22, 1980 by the trial court on the basis of the plaintiff’s failure to comply with Dist./Mun. Cts. R. Civ. P. Rule 64(c)(3).
On October 23, 1980, the plaintiff submitted a “Motion for Entry of Separate Judgment’ ’ on the grounds that no judgment had been theretofore entered on the docket. In response to the plaintiffs motion, an entry of judgment form was completed by the trial court clerk on November 5, 1980 and entered chronologically on the docket as of November 13, 1980.
The plaintiff submitted a second draft report on November 14,1980. This draft report was dismissed without hearing and upon the defendant’s motion on the basis of the plaintiffs alleged failure again to comply with Rule 64.
1. Contrary to the trial court’s apparent ruling, the dismissal of the plaintiff’s first draft report of March 28, 1980 did not require a similar disposition of the plaintiffs second draft report which is at issue herein. The former was prematurely filed, and its dismissal in no way prejudiced the plaintiff’s second draft report which was seasonably submitted “within 10 days after entry of judgment’ ’ in accordance with Dist./Mun. Cts. R. Civ. P. Rule 64(c)(l)(ii).
An examination of the somewhat ambiguous docket in this case indicates that no judgment was effectively entered herein until November 13, 1980. The November 26, 1979 finding for the defendant was a “final judgment” in the sense that such finding represented ‘ ‘the act of the trial court finally adjudicating the rights of the parties affected by the judgment. ’’ Haufler v. Commonwealth, 372 Mass. 527, 529-530 (1977). Neither this finding, (Harrow v. Board of Appeals of Pittsfield, 7 Mass. App. Ct. 937 (1979); Leary v. Yacht Leasing Corp., 6 Mass. App. Ct. 961 (1978); Villalobo v. Rent Board of Boston, 6 Mass. App. Ct. 878 (1978));nor the filing of the trial court’s memorandum of the same, (Swift & Co. v. Superior Pet Products, Inc., 5 Mass. App. Ct. 904 (1977)) constituted, however, an effective entry of judgment sufficient to trigger the commencement of an appeals filing period.
*252 An effective entry of judgment is achieved in the District Court Department solely through a strict compliance with the requirements of both Rules 58(a) and 79(a) of the Dist./Mun. Cts. R. Civ. Procedure. Rule 58(a) mandates that:
(1) upon a decision by the court ... that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign and enter judgment without awaiting any direction by the court.. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a) (emphasis supplied).
The pertinent provisions of Rule 79(a) dictate that:
all.. judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number.. .The entry of an order or judgment shall show the date the entry is made (emphasis supplied).
As the trial court clerk herein did not enter the court’s finding for the defendant on a separate document and did not chronologically record the same on the docket until November 13,1980, no effective judgment was entered until that date. Bevel-Fold, Inc. v.Bose Corp., Mass. App. Ct. (1980);a Levy v. Bendetson, 6 Mass. App. Ct. 558, 561 (1978); Tsei v. Building Insp. of Marlborough, 5 Mass. App. Ct. 328, 330 (1977); Lechiara v. Amato, Mass. App. Div. Adv. Sh. (1979) 219, 221; International Date Operations, Inc. v. Info Systems, Inc., Mass. App. Div. Adv. Sh. (1978)529, 530-531.
In summary, the plaintiffs first draft report was filed prior to the actual entry of judgment herein, and was thus properly subject to dismissal as premature.[1] Town of Topsfield v. Beechill Corp., Mass. App. Ct. (1980);b Koonce v. Aldo Realty Trust, Mass. App. Ct. (1979);c Gangell v. New York State Teamsters Council Welfare Tr. Fund, 6 Mass. App. Ct. 631, 632 (1978). The actual dismissal of this unseasonable and ineffective procedural vehicle did not preclude the subsequent and timely filing of the plaintiffs second draft report ‘ ‘within ten days after entry of judgment.’’The dismissal of the plaintiffs second draft report must, therefore, be vacated.
2. The relative degree of confusion attending the procedural development of this action, both in the trial court and before this Division, was in part a consequence of the ambiguities inherent in the trial court docket. We note, as an assistance to the trial court clerk, that the simplest and most decisive method for the docketing of a judgment pursuant to Rule 79(a) is to employ the term ‘ ‘judgment. ’ ’ The correction of docket entry number 12 is hereby ordered so as to read “November 13, 1980. Judgment for Defendant. Notices mailed to:_” To be inserted in the blank space at left is a complete list of all persons to whom notice was mailed. The identification and listing of attorneys, litigants or other interested parties to whom any notice may be sent by a clerk will perceptibly advance the cause of completeness in the trial court record, and assist in the reduction of notice-related issues raised at the appellate level. Finally, the practice utilized below of merely typing in unexplained dates to the right of earlier docket entries must be entirely eliminated.[2] The effect of such practice is to clutter the docket with meaningless time references and to conceal the nature and date of vital developments in *253 the trial court proceedings. Guesswork should not and cannot be a necessary tool in examining a docket to ascertain the progression of a cause of action. Every decision or finding rendered by the court and every pleading, motion or other document filed by a party should be the subject of a separate docket entry which is appropriately labeled, accurately dated and recorded in chronological order.
3. The dismissal of the plaintiff’s draft report of November 14, 1980 is hereby vacated. This cause is remanded to the trial court for a hearing on the plaintiffs draft report in accordance with Dist./Mun. Cts. R. Civ; P. Rule 64(c)(4). Docket entry number 13 is to be corrected in accordance with the above.

So ordered:

Mass. App. Ct. Adv. Sh. (1980) 769, 772-773.

 As noted above, the plaintiffs first draft report was actually dismissed for the plaintiffs failure to furnish a copy of such report to the trial justice in accordance with Dist./Mun. Cts. R. Civ. P. Rule (64(e)(3). It may be noted that a non-compliance with this or any other provision of Rule 64 is no longer automatically fatal to a litigant’s right of appeal unless the procedural defect or ommision in question is, under the circumstances of the case, so “repugnant to the procedural scheme, so destructive of. its purposes, as to call for dismissal of the appeal.” Cape Cod Bk. & Tr. Co. v. LeTendre, Mass. Adv. Sh. (1981) 2055, 2058.

 Mass. App. Ct. Adv. Sh. (1980) 707.

 Mass. App. Ct. Adv. Sh. (1979) 1616.

 See, for example, docket entry numbers 12 and 15: 12. October 23, 1980. Motion for Separate Judgments, November 5, 1980. 15. November 25, 1980. Motion to Dismiss Draft Report. December 10, 1980.