GEORGE B. HEDDENDORF vs. COMMONWEALTH.

Suffolk.  May 4, 1982. — May 25, 1982.

Present: BROWN, KASS, & SMITH, JJ.

*Practice, Civil,* Eminent domain proceedings, Jury trial.  *Due Process of Law,* Jury trial.  *Eminent Domain,* Jury trial.

In an eminent domain proceeding pursuant to G. L. c. 79, § 22, in which the Commonwealth questioned the plaintiff's title to the land taken and in which none of the facts on the basis of which title was to be determined were in dispute, the judge's pretrial determination that as matter of law the plaintiff had no interest in the land taken did not violate the plaintiff's right to trial by jury.  [584-585]

PETITION filed in the Superior Court on April 26, 1973.

The case was heard by *Whitman*, J., a District Court Judge sitting under statutory authority, on motion for summary judgment.

*Gregory Sullivan* for the plaintiff.

*Irene Dwyer Emerson*, Assistant Attorney General, for the Commonwealth.

KASS, J.  In this eminent domain action, the Commonwealth by its answer called into question the plaintiff's title to the land taken.  A judge who heard the case without a jury pursuant to G. L. c. 79, § 22, as appearing in St. 1973, c. 983, § 1,[1] decided on the basis of documentary evidence (consisting of deeds and plans) that the plaintiff did not own the locus.

Aggrieved by this determination, the plaintiff claimed the trial de novo before a jury which was then available

---

[1] Statute 1981, c. 800, § 2, amended G. L. c. 79, § 22, so as to eliminate a compulsory first trial without jury and so as to provide for "one trial before a jury, unless all parties waive trial by jury and file a written agreement requesting a trial without a jury."

under § 22. Neither party made an effort to request the judge in the jury-waived trial to report the title question. G. L. c. 231, § 111. Mass.R.Civ.P. 64, 365 Mass. 831 (1974). See *Haufler* v. *Commonwealth*, 372 Mass. 527, 530 (1977). Instead, the Commonwealth, prior to the inception of the second trial, which was to be heard by a jury, moved to dismiss the action on the ground that the plaintiff had no interest in the land taken. The trial judge denied that motion, but recognizing that the evidence on the question of title appeared to be fully developed and documentary in nature, the judge ordered a further hearing and invited the parties to submit additional evidence bearing on who owned the locus. Nothing was added to the evidentiary record. The docket entries disclose that the trial judge treated the Commonwealth's motion as one for summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824 (1974), based on the title documents before him. On the basis of those facts the judge implicitly decided that there was no factual issue to be tried and that as matter of law the plaintiff had no interest in the land taken.

The plaintiff urges that he was deprived of his right to the trial by jury afforded by § 22. But for the plaintiff's earnest insistence, we would have thought it thoroughly understood that the right to a trial by jury is not absolute. *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 654 (1977). Juries find facts and none of the facts on the basis of which title was to be determined were in dispute. Application of the law to those facts, i.e., construction of old deeds and plans, was for the judge, not a jury. The plaintiff was no more deprived of the right to trial by jury than is a tort claimant whose action is ended by summary judgment (see *Cefalu* v. *Globe Newspaper Co.*, 8 Mass. App. Ct. 71, 79 [1979], appeal dismissed, 444 U.S. 1060 [1980]), or the party whose jury verdict is set aside for errors of law (see *New England Novelty Co.* v. *Sandberg*, 315 Mass. 739, 750 [1944]). *Haufler* v. *Commonwealth, supra*, is not to the contrary since it did not deal with issues dispositive of the claimant's rights.

*Judgment affirmed.*