JOHN G. WHITNEY & another *vs.* COMMONWEALTH. April 29, 1983. This complaint for the assessment of damages under G. L. c. 79, § 14, brought February 20, 1975, was first tried to a judge sitting without jury under G. L. c. 79, § 22, as in effect before the 1981 amendments which abolished the two-trial system for eminent domain cases. At the subsequent jury trial the second judge declined to instruct the jury that all findings in the first judge's report of material facts were prima facie evidence on the matters put in issue by the pleadings and instead ruled that, although the first judge's report of material facts was admissible in evidence, only his award of damages (where uncontradicted) could be accorded the compelling force of prima facie evidence. Section 22, as in effect prior to St. 1981, c. 476, provided: "The judge presiding at the [first] trial shall file a written decision or finding . . . . The decision or finding shall include a statement of any damages that are awarded and a report of the material facts found by him . . . . [At the second (jury) trial] [t]he

decision or finding, including any award of damages, shall be prima facie evidence upon such matters as are put in issue by the pleadings."

Whatever conclusion we might ourselves have drawn from the statutory language, we are constrained to follow the interpretation which the Supreme Judicial Court put (despite the plaintiffs' contention to the contrary) on the words in question in *Roach* v. *Newton Redevelopment Authy.*, 381 Mass. 135, 137 (1980): "Under our procedure the first judge is to file a 'written decision or finding' which 'shall include a statement of any *damages that are awarded and a report of the material facts found by him.*' At a subsequent jury trial the 'decision or finding, including any award of damages, shall be prima facie evidence upon such matters as are put in issue by the pleadings.' G. L. c. 79, § 22, as appearing in St. 1973, c. 983, § 1. We note that the first judge's report of material facts is explicitly required to be included in his 'decision or finding' but is omitted from the provision that the 'decision or finding' is to be 'prima facie evidence' at the jury trial." So read, the statute gives prima facie effect to the award of damages but not to the findings contained in the report of material facts. The second judge's ruling accorded with that interpretation.

*Judgment affirmed.*

*Neal C. Tully* (*Edward I. Masterman* with him) for the plaintiffs.

*Elizabeth Bowen Donovan,* Assistant Attorney General, for the Commonwealth.