# RESCRIPT OPINIONS.

STANDISH MANAGEMENT, INC. *vs*. RANDOLPH HOUSING AUTHORITY.
No. 86-727. May 6, 1988. *Witness,* Expert. *Evidence,* Expert opinion,
Deposition, Value. *Eminent Domain,* Damages. *Damages,* Eminent do-
main. *Value.*

At the trial of this eminent domain case before a jury,[1] the dominant
contested issue was whether there existed reasonable likelihood that Ran-
dolph might amend its zoning by-law to permit the construction of multi-fam-
ily dwellings on the tract of which the land taken was a part. The land
taken consisted of 67,517 square feet carved from an over-all area of 13.8
acres in Randolph owned by Standish Management, Inc. (Standish). The
jury, in response to special questions, found that (1) there did exist a
reasonable likelihood of rezoning and (2) the fair market value of the entire
parcel of land prior to the taking had been $442,000 and, after the taking,
$122,500. Hence the owner had suffered $319,500 in damages. In its appeal,
the Randolph Housing Authority asserts three categories of error. We affirm.

1. *Qualification of witnesses.* Standish called as an expert witness a
builder and developer in Randolph, Henry Sandler, to testify to the reason-
able likelihood of favorable zoning action by the town and to give an opinion
of value of the Standish property. The Authority asserts that Sandler was
qualified to speak to neither point and that receiving his testimony was
error. Maintaining that position is a heavy burden for the Authority as a
judge enjoys broad discretion in determining whether a witness is qualified
to testify as an expert. *Rubin* v. *Arlington*, 327 Mass. 382, 384-385 (1951).
*Blais-Porter, Inc*. v. *Simboli*, 402 Mass. 269, 273 (1988). *Keating* v.
*Duxbury Housing Authy.*, 11 Mass. App. Ct. 934 (1981). Earlier in his
career, Sandler had, from 1960 to 1973, served as a part-time building
inspector of Randolph, a position which required him to rule on zoning
matters and, often, to sit in on planning board meetings. For his own
account, Sandler had engaged in various forms of residential and business
use development in Randolph and nearby communities. In Randolph he
had built 172 apartment units and over 200 single family houses. He had
been personally involved with land sales for multi-family use in Randolph
and was familiar with the development of fourteen to sixteen other parcels
of land in Randolph for multi-family housing. That experience and knowl-

[1] The action was first tried to a judge sitting without a jury, as required by G. L.
c. 79, § 22, as amended by St. 1973, c. 983, § 1, and before its further amendment
by St. 1981, c. 476.

edge qualified Sandler — the judge could certainly so rule — to testify about zoning issues and the fair market value of the tract. See *Keating* v. *Duxbury Housing Authy.*, 11 Mass. App. Ct. at 934. Opinion testimony is not limited to owners of property and persons who follow a vocation of giving expert testimony. *Menici* v. *Orton Crane & Shovel Co.*, 285 Mass. 499, 503-505 (1934). *Blais-Porter, Inc.* v. *Simboli*, 402 Mass. at 272-273. See Liacos, Massachusetts Evidence 118-119 (5th ed. 1981).

Robert Walsh, a lawyer, had served as a member and chairman of the planning board of Randolph. By reason of his training and experience, Walsh "possessed some specialized knowledge about what an owner of real estate might expect in the way of zoning action" and was qualified to give his opinion. *Keating* v. *Duxbury Housing Authy.*, 11 Mass. App. Ct. at 934. We may add that Walsh's testimony was received without objection. By reason of illness, Walsh's testimony was taken on deposition and read into the record at trial. See Mass.R.Civ.P. 32(a)(3)(C), 365 Mass. 788 (1974). At the deposition, the Authority had objected to receiving Walsh's opinion about rezoning prospects, but the objection was not pressed either before, during or after its reading into the record. Objection to the admissibility of deposition evidence is to be made at the time that the testimony is offered at trial. Mass.R.Civ.P. 32(b), 365 Mass. 788 (1974). See Smith & Zobel, Rules Practice § 32.8 (1975).

2. *Jury instructions.* Prior to the taking, the town amended the zoning classification of the land taken so as to permit apartment house use. The judge instructed the jury that it might consider the rezoning as a factor in deciding whether a reasonable willing buyer would have considered favorably the likelihood of a rezoning of the entire parcel at the time of the taking. It is settled that evidence may be received as to the reasonableness of anticipating favorable zoning relief. *Skyline Homes, Inc.* v. *Commonwealth*, 362 Mass. 684, 687-688 (1972); *D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. 650, 656 (1978); *Colonial Acres, Inc.* v. *North Reading*, 3 Mass. App. Ct. 384, 386 (1975); *Roach* v. *Newton Redev. Authy.*, 8 Mass. App. Ct. 618, 624-625 (1979), *S.C.*, 381 Mass. 135, 138-139 (1980); *Salem Country Club, Inc.* v. *Peabody Redev. Authy.*, 21 Mass. App. Ct., 433, 435 (1986). Whether sufficient evidence was introduced to submit the question of reasonable likelihood of rezoning to the jury is a question within the sound discretion of the trial judge. *D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. at 656-657. On this record, we entertain no doubt that the judge acted well within his discretion. See, for example, *Roach* v. *Newton Redev. Authy.*, 381 Mass. at 138-139, in which a zone change successfully advanced by a public authority was allowed to be considered for its bearing on the reasonable likelihood that a private developer might obtain a similar zoning change. It was of no consequence that the judge mistakenly described the Authority's rezoning as having occurred after the taking. Only the plaintiff could have been hurt by that error, and the plaintiff does not complain.

We need not consider the Authority's second objection to the judge's instructions (it related to a special question submitted to the jury) for the reason that the Authority failed to call its objection to the attention of the trial judge. See Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974); *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 852 (1983).

3. *New trial.* The denial of the motion for a new trial finds support in principles expressed in *Bartley* v. *Phillips*, 317 Mass. 35, 41-42 (1944), and *Worcester* v. *Eisenbeiser*, 7 Mass. App. Ct. 345, 350 (1979), i.e., there was evidence sufficient to enable the jury to find that there was a reasonable likelihood of rezoning and to arrive at its opinion of the fair market value of the entire parcel at the time of the taking and the fair market value of the remainder after the taking. See *Wasserman* v. *Peabody*, 20 Mass. App. Ct. 781, 786-787 (1985), and cases cited.

*Judgment affirmed.*

*David S. Tobin* for the defendant.
*Neal C. Tully (Edward I. Masterman* with him) for the plaintiff.

