# United States Court of Appeals
## For the First Circuit

No. 11-2108

LATIN AMERICAN MUSIC CO. INC., ET AL.,

Plaintiffs, Appellants,

v.

MEDIA POWER GROUP, INC., ET AL.,

Defendant, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Torruella, Howard and Thompson,
Circuit Judges.

Artemio Rivera Rivera, with whom Anthony L. Bini Del Valle
was on brief, for appellants.
Patricia Rivera-MacMurray, with whom Miguel J. Ortega Nuñez
and Saldaña, Carvajal & Vélez-Rivé were on brief, for appellees.

January 15, 2013

**HOWARD, <u>Circuit Judge</u>**.  Appellants Latin American Music
Company ("LAMCO") and Asociación de Compositores y Editores de
Música Latinoamericana ("ACEMLA")[1] sued Media Power Group, Inc.
("MPG") and its president Eduardo Rivero Albino for infringement of
copyright with respect to twenty-one songs.  The United States
District Court for the District of Puerto Rico granted the
defendants' motion for summary judgment as to twelve songs. Claims
as to the remaining nine songs went to trial, resulting in a jury
verdict for the defendants.  LAMCO challenges both the summary
judgment and the unfavorable jury verdict.  Finding no error, we
affirm.

## I.

MPG owns four radio stations, branded "Radio Isla," in
Puerto Rico and has a number of affiliated stations that
rebroadcast its programming.  In 2005, LAMCO notified MPG that
LAMCO owned copyrights to many songs played on Radio Isla and that
MPG was infringing the copyrights by using the songs on-air without
a license.  After unsuccessful licensing negotiations, LAMCO filed
suit against MPG and its president, seeking money damages for
violations of the Copyright Act as to twenty-one songs.  Segments
of the songs were allegedly broadcast during various news and talk-

---

[1] LAMCO, a music publisher based in New York, and ACEMLA, a
performance-rights society based in Puerto Rico, are affiliated
with one another and their interests are aligned in this case.
Thus, we will refer to the appellants singularly as LAMCO.

show programs on Radio Isla. LAMCO alleged that the composers or their heirs had assigned copyrights in the songs to LAMCO. MPG did not hold licenses from LAMCO or from the composers.

The parties' cross-motions for summary judgment were referred to a magistrate judge for a report and recommendation. Adopting most of the magistrate judge's findings and recommendations, the district court denied LAMCO's motion and granted the defendants' motion as to twelve songs, concluding that LAMCO: (1) was collaterally estopped from litigating ownership of valid copyrights in four songs; (2) failed to show compliance with the registration requirement of 17 U.S.C. § 411(a) with respect to four other songs; (3) failed to establish an infringing use as to three songs; and (4) lacked ownership in one song. Infringement claims as to the remaining nine songs were tried before a jury. The jury found that LAMCO failed to prove that it owned the songs, resulting in a verdict for the defendants.

## II.

LAMCO presents four claims on appeal. First, it challenges the jury verdict on sufficiency-of-the-evidence grounds. Second, it contends that the issue of ownership was submitted to the jury in violation of the law of the case doctrine. Third, it maintains that the district court erred when it ruled that LAMCO was collaterally estopped from litigating its claims as to four songs. Finally, LAMCO challenges the dismissal of its claims

-3-

relating to four other songs for failure to show compliance with 17 U.S.C. § 411(a). We address the claims in turn.

## A. Sufficiency of the Evidence

To establish copyright infringement, the plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991). Provided that a copyright claim is registered with the Copyright Office within five years of first publication of the work, the certificate of registration is prima facie evidence of ownership and the validity of the copyright. 17 U.S.C. § 410(c); Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005). "Upon the plaintiff's production of such a certificate, the burden shifts to the defendant to demonstrate some infirmity in the claimed copyright." Johnson, 409 F.3d at 17.

The jury determined that LAMCO did not prove that it owned copyrights in any of the nine songs that the defendants allegedly infringed. LAMCO contends that the jury's determination rests on insufficient evidence. Specifically, LAMCO argues that it met its prima facie burden of establishing ownership of valid copyrights in the songs by producing certificates of registration and "chain of title" evidence of ownership, and that the defendants

-4-

failed to carry their burden of rebutting this prima facie showing.[2]  This contention need not detain us.

> It is beyond peradventure that in order to challenge the sufficiency of the evidence on appeal, a party must first have presented the claim to the district court, either by moving for judgment as a matter of law before the case is submitted to the jury and renewing that motion after the verdict, Fed.R.Civ.P. 50(a), (b), or by moving for a new trial pursuant to Fed.R.Civ.P. 59.

Hammond v. T.J. Litle & Co., Inc., 82 F.3d 1166, 1171 (1st Cir. 1996).  Because LAMCO did not advance a sufficiency of the evidence challenge before the district court, it is foreclosed from advancing the challenge on appeal.  Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 402 (2006).  Indeed, we are "powerless" to entertain such a challenge even to correct plain error.  Id. at 405; see Johnson v. Guerrieri Mgmt., Inc., 437 F. App'x 853, 857 (11th Cir. 2011); Hertz v. Woodbury Cnty., 566 F.3d 775, 780-81 (8th Cir. 2009); Nitco Holding Corp. v. Boujikian, 491 F.3d 1086, 1089 (9th Cir. 2007).  Accordingly, LAMCO's sufficiency of the evidence challenge is procedurally defaulted and we do not address it.

---

[2] The jury was instructed that only two of the nine songs were registered within five years of first publication, and thus the defendants had the burden of rebutting the presumption of ownership only with respect to those two songs.  See Brown v. Latin Am. Music Co., 498 F.3d 18, 23 (1st Cir. 2007) ("[A] registration obtained after five years benefits from no presumption, and the weight given to such a registration is within the discretion of the court." (internal quotation marks omitted)).

## B.  Law of the Case

LAMCO next maintains that the district court erred in submitting the ownership question to the jury because the court had already ruled at summary judgment that there was no genuine issue as to LAMCO's ownership of the songs.  LAMCO argues that the summary judgment ruling on ownership became the law of the case, precluding the court from presenting the issue to the jury.

Before addressing the challenge, we review the procedural context relevant to the claimed error.  In his report and recommendation on the parties' cross-motions for summary judgment, the magistrate judge concluded that there was no genuine dispute as to LAMCO's ownership of valid copyrights in eight of the nine songs subsequently presented to the jury, because the defendants did not controvert LAMCO's evidence of ownership.[3]  The district court adopted the conclusion in a footnote, noting that neither party objected to it.  Despite determining that ownership of the eight songs was not genuinely in dispute, the court did not enter partial

---

[3] The eight songs are:  "Juanito Alimaña" by Catalino "Tite" Curet-Alonso, "Madrigal" by Felipe Rosario Goyco, "La Botellita" by Ernesto Carattini, "Padre San Antonio/Caminan las Nubes" by José Ortiz, "La Loma del Tamarindo/Cante Jondo de Vieques" by Flor Morales Ramos, "Honra y Cultura" by Flor Morales Ramos, "Llegó la Navidad" by Raul Balseiro, and "Flotando Sobre el Caribe" by Luz Celenia Tirado.  Notwithstanding LAMCO's contention to the contrary, ownership of a valid copyright in the ninth song presented to the jury -- "Pollito Chicken" by Josefa Ramírez -- was genuinely in dispute.  See Latin Am. Music Co. v. Media Power Group, Inc., CIV. 07-2254 ADC, 2011 WL 1261534, at *6-*7 & n.8 (D.P.R. Mar. 30, 2011).

summary judgment in LAMCO's favor but instead denied outright its motion for summary judgment. It is therefore unclear whether the district court considered the fact of ownership undisputed for purposes of the motion only, see Fed. R. Civ. P. 56(e)(2), or treated the fact as established in the case, see Fed. R. Civ. P. 56(g).

At trial, the parties treated ownership as a live issue. In the jointly proposed pretrial order and in its opening statement to the jury, LAMCO acknowledged its burden to establish ownership. LAMCO then produced evidence of ownership, and the defendants challenged the sufficiency of LAMCO's evidence. Not only did LAMCO fail to object to jury instructions on the issue of ownership, but its own proposed instructions stated that LAMCO had the burden of proving ownership of each song as an element of the claim. LAMCO even objected to the defendants' Rule 50(a) motion for judgment as a matter of law by arguing that it was for the jury to determine whether LAMCO owned the songs. Furthermore, although the special verdict form asked the jury to determine whether LAMCO proved ownership of the songs, LAMCO did not object to it on the ground that ownership was an established fact.[4] The jury found that LAMCO

---

[4] LAMCO did register a general objection to the special verdict form, but did not articulate the grounds for the objection. LAMCO only suggested that it preferred its own proposed verdict form over the form proposed by the defendants and adopted by the court. In supplemental briefing on appeal, LAMCO argues that it was specifically objecting to the submission of the ownership question to the jury, because its form only asked the jury to

failed to prove that it owned the songs, and, as instructed, did not proceed to decide whether LAMCO proved infringement.

Only in its Rule 59 motion for a new trial did LAMCO apprise the district court of its theory that the ownership determination was not for the jury because it was previously determined at summary judgment.[5] The court denied the motion without setting forth its reasoning. LAMCO appeals on the ground that the law of the case doctrine precluded the court from submitting the ownership question to the jury, warranting a new trial limited to the issues of infringement and damages.

---

decide whether infringement occurred and not whether LAMCO proved ownership. Given that LAMCO treated ownership as a triable issue throughout the trial and even proposed jury instructions on ownership, it is remarkable to suggest that its general objection somehow informed the district court that LAMCO was objecting to the ownership question. Regardless of what its intentions may have been, LAMCO did not apprise the court that this was the ground for its objection. See Play Time, Inc. v. LDDS Metromedia Commc'ns, Inc., 123 F.3d 23, 29 (1st Cir. 1997) ("Rule 51 requires a punctual objection identifying 'distinctly the matter objected to and the grounds of the objection.'" (quoting Fed. R. Civ. P. 51)). In any event, we review preserved objections to special verdict forms for abuse of discretion, Uphoff Figueroa v. Alejandro, 597 F.3d 423, 434 (1st Cir. 2010), and, as detailed later in the opinion, the district court did not abuse its discretion in submitting the ownership question to the jury.

[5] Although LAMCO titled its post-verdict motion as a Rule 50(b) motion for judgment as a matter of law, or, in the alternative, a motion for a new trial under Rule 59, LAMCO only argued that a new trial should be granted. Because the jury did not reach the infringement question, judgment as a matter of law in LAMCO's favor was not an available remedy. Accordingly, we construe the motion as limited to a motion for a new trial.

-8-

We review the denial of a motion for a new trial for abuse of discretion. Davignon v. Hodgson, 524 F.3d 91, 100 (1st Cir. 2008). We review de novo whether the law of the case doctrine applies. Negron-Almeda v. Santiago, 579 F.3d 45, 50 (1st Cir. 2009).

Under the law of the case doctrine, "unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation." Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 25 (1st Cir. 1997). Strictly speaking, the doctrine was not implicated in this case because "interlocutory orders . . . remain open to trial court reconsideration, and do not constitute the law of the case." Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005) (internal quotation marks and alteration omitted); see Fed. R. Civ. P. 54(b) (absent an entry of a final judgment, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims"). "We have sometimes said -- instead of an outright statement that law of the case is not applicable to interlocutory orders at all -- that law of the case permits a lower court to review prior interlocutory orders as long as that review is not an abuse of discretion." Harlow, 432 F.3d at 55. There was no abuse of discretion here.

Assuming that the summary judgment order deemed LAMCO's ownership of the songs as established in the case, see Fed. R. Civ. P. 56(g), the court was not precluded from revising that order to revive the issue. Alberty-Vélez v. Corporación de P.R. para la Difusión Pública, 242 F.3d 418, 422 (1st Cir. 2001) ("[A] trial court retains jurisdiction to modify an order issued pursuant to Rule 56[(g)] at any time."). Because the parties are entitled to "rely on the [initial] ruling by forbearing from introducing any evidence or cross-examining witnesses" in regard to established facts, however, when the court "changes the initial ruling and broadens the scope of trial, the [court] must inform the parties and give them an opportunity to present evidence relating to the newly revived issue" to avoid potential prejudice. Id. at 422, 424-25 (internal quotation marks and emphasis omitted).

The district court apparently did not give formal notice that the issue of ownership was open to dispute.[6] But the lack of formal notice did not prejudice LAMCO because it treated ownership as a live issue from the start. LAMCO presented evidence of ownership, proposed instructing the jury that it had the burden of proving ownership, and addressed the issue in its opening and closing statements. Cf. id. at 424-25 ("sudden reopening" of an issue established on summary judgment during presentation of

---

[6] Indeed, at no point did the district court acknowledge the effect of its earlier ruling that ownership was undisputed.

-10-

defendant's case prejudiced plaintiff who relied on initial ruling by not introducing evidence on the issue and was unprepared to present evidence in rebuttal on short notice).  Moreover, LAMCO does not argue that it would have tried the case differently if it had received formal notice that ownership was at play.  See Leddy v. Standard Drywall, Inc., 875 F.2d 383, 386 (2d Cir. 1989) (no prejudice resulted from district court's failure to give appellants "clear notice" that it was revising partial summary judgment because they conceded they "had no other evidence they would have presented"); cf. Alberty-Vélez, 242 F.3d at 425 (appellant's outline of potential evidence to address the revived issue demonstrated prejudice because it was "impractical" to expect her to present such evidence on short notice).  For their part, the defendants, unlike at summary judgment, vigorously disputed LAMCO's evidence of ownership at trial.  Given the parties' treatment of the ownership issue at trial, the better view of the record is that the issue had not been decided.  Even if the summary judgment order in fact treated ownership as an established fact, however, the district court did not abuse its discretion by reviving the issue and presenting it to the jury.  We affirm the denial of LAMCO's motion for a new trial.

## C. Collateral Estoppel

In Brown v. Latin Am. Music Co., 498 F.3d 18 (1st Cir. 2007), we affirmed the district court's dismissal of LAMCO's claims

of infringement of copyright in eleven songs by Juan Antonio Corretjer on the basis that LAMCO failed to establish a prima facie case of ownership of valid copyrights in the songs. In the instant litigation, LAMCO alleged infringement of four of those songs.[7] The district court dismissed the claims on collateral estoppel grounds, noting that LAMCO had presented the same evidence of copyright ownership that the Brown court deemed insufficient. LAMCO argues that the dismissal was in error, because in this case LAMCO provided additional evidence of ownership that the district court in Brown refused to consider due to tardy submission.

We review de novo a district court's dismissal of a claim on collateral estoppel grounds. González-Piña v. Rodríguez, 407 F.3d 425, 430 (1st Cir. 2005). Because the judgment in Brown was entered by a federal court exercising federal question jurisdiction, the applicability of collateral estoppel is a matter of federal law. Ramallo Bros. Printing, Inc. v. El Día, Inc., 490 F.3d 86, 89 (1st Cir. 2007).

Collateral estoppel, or issue preclusion, applies when: "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was

_____

[7] The songs are: "Alabanza/Oubao Moin," "Andando de Noche Sola," "Boricua en la Luna," and "En la Vida Todo es Ir."

-12-

essential to the judgment." <u>Mercado-Salinas</u> v. <u>Bart Enters. Int'l, Ltd.</u>, 671 F.3d 12, 21-22 (1st Cir. 2011) (internal quotation marks omitted). The dismissal of LAMCO's infringement claims in <u>Brown</u> for failure to establish ownership of valid copyrights in the Corretjer works, including the four songs subject to the instant litigation, plainly satisfies all four elements, and LAMCO does not argue otherwise.

Instead, LAMCO maintains that the <u>Brown</u> court dismissed the claims without the benefit of additional evidence that LAMCO submitted too late in that case, namely a certificate of recordation that included the assignment of copyrights from Corretjer's heirs to LAMCO. The argument is misguided. Although "changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues," <u>Montana</u> v. <u>United States</u>, 440 U.S. 147, 159 (1979), a party cannot circumvent the doctrine's preclusive effect merely by presenting additional evidence that was available to it at the time of the first action. As we noted in <u>Brown</u>, the assignment contract was not newly-discovered evidence and it did not signal a change in facts essential to the judgment. 498 F.3d at 25. Despite having the contract in its possession at all relevant times, LAMCO failed to timely submit it to the <u>Brown</u> district court at the summary judgment stage. <u>Brown</u> v. <u>Latin Am. Music Co.</u>, No. 05-CV-1242 (JAF), 2006 WL 2059606, at *2 (D.P.R. July 21, 2006). That it

-13-

timely produced the contract in the instant litigation is inapposite. The district court correctly concluded that LAMCO was collaterally estopped from litigating the claims as to the four Corretjer songs.[8]

## D. Dismissal of Four Songs for Lack of Evidence of Registration

On the magistrate judge's recommendation, the district court granted the defendants' motion for summary judgment as to four songs on the ground that LAMCO failed to produce evidence of registration.[9] Registration of a copyright is a precondition to filing a copyright infringement claim. Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 105 (1st Cir. 2011) (citing 17 U.S.C. § 411). Although the registration requirement "does not implicate the subject-matter jurisdiction of federal courts, proof of registration of the allegedly infringed work remains an element of a cause of action for copyright infringement." Id. (internal quotation marks, citations, and alteration omitted).

LAMCO challenges the ruling on two grounds. First, LAMCO maintains that it had no duty to introduce evidence of registration because the defendants did not properly raise the issue in their

---

[8] LAMCO's alternative argument, that collateral estoppel is inapplicable because ownership is not a static concept, need not detain us. LAMCO does not claim that it acquired any new rights to the four Corretjer songs since the Brown decision.

[9] The songs are: "Secreto" by Pepito Lacomba, "Tres Recuerdos" by Johnny Rodríguez, "Amor en Tus Ojos" by Johnny Lastra, and "Jibaro" by Hilario Centeno.

motion for summary judgment.[10] LAMCO, however, did not object to the magistrate judge's recommendation to dismiss the claims on this ground. It is well-settled that "an objection to a magistrate judge's order must apprise the district court of all the objector's claims of error, and new claims of error on the part of the magistrate judge cannot thereafter be raised in this court." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999). Accordingly, we confine our analysis to the claim that LAMCO did preserve: whether the evidence of registration was sufficient to preclude summary judgment. Our review on summary judgment is de novo. Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011).

For the four songs, LAMCO submitted certificates of recordation containing assignments of rights to either the specific song at issue or all of the relevant composer's works. The district court correctly determined that a certificate of recordation is not evidence of registration because it "merely indicates that the document attached was recorded in the Copyright Office on a specific date." Latin Am. Music Co. v. Media Power Group, Inc., No. 07-CV-2254 (ADC), 2011 WL 1261534, at *3 (D.P.R. Mar. 30, 2011); see 17 U.S.C. § 205(a) ("Any transfer of copyright

---

[10] LAMCO contends that the defendants argued for the first time in their reply brief that LAMCO failed to present admissible evidence of registration for "Secreto" and "Amor en Tus Ojos" and at no point raised the absence of such evidence for "Jibaro" and "Tres Recuerdos."

ownership or other documents pertaining to a copyright may be recorded in the Copyright Office . . . ."). Because recordation of an instrument relating to a work does not indicate that the work itself has been registered, see 17 U.S.C. § 205(a), (c), a certificate of recordation does not suffice to prove compliance with the registration requirement. LAMCO did not produce any other evidence of registration with respect to "Jibaro"[11] and "Secreto," and thus claims as to those songs were properly disposed of by summary judgment.[12]

---

[11] LAMCO informed the district court that it had applied for a certificate of registration for "Jibaro" in 2005, but did not receive it from the Copyright Office in time for the summary judgment proceedings. Circuits are split on whether the registration requirement is satisfied "at the time the copyright holder's application is received by the Copyright Office (the 'application approach'), or at the time that the Office acts on the application and issues a certificate of registration (the 'registration approach')." Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 615-16 (9th Cir. 2010) (collecting cases). We do not weigh in on the issue because, as the district court noted, LAMCO failed even to show that it had submitted all the necessary application materials for registration. See 17 U.S.C. § 408(a) (to satisfy the statutory requirements for registration, the owner of copyright must submit to the Copyright Office an application, fee, and deposit copy of the work to be copyrighted).

[12] LAMCO also points to a declaration of its president as evidence of registration. In the declaration, Luis Raul Bernard merely declares that the assignments of copyrights "were all duly recorded and the ownership all registered with the United States Copyright Office as identified in Exhibit A and are attached hereto . . . ." (emphasis added). His declaration, therefore, is limited to the evidence submitted as part of the summary judgment record and is not, in and of itself, evidence of registration.

With respect to "Tres Recuerdos," LAMCO also submitted registration documentation for a work by the same composer entitled "Tres Historias de Amor" and argued, without any support in the record, that the two works were the same and that both referred to a song entitled "Tres Historias de Amor en un Recuerdo." Despite the magistrate judge's unwillingness to infer that the two works were the same, LAMCO did not present any additional evidence to the district court in objecting to the recommended dismissal of the claim. The district court agreed with the magistrate judge that LAMCO's unsubstantiated statement that the two works were the same was insufficient to withstand summary judgment. LAMCO now urges that the district court was required to draw the inference that "Tres Recuerdos" and "Tres Historias de Amor" were the same work. We disagree. There is nothing in the record to suggest that the inference is warranted. Accordingly, the dismissal of the claim was proper.

Finally, LAMCO's proof of registration for "Amor en Tus Ojos" included printouts from the Copyright Office's online catalogue indicating that the song was registered in 1989 by its composer and that the copyright was subsequently transferred to LAMCO. The magistrate judge refused to consider the catalogue printouts as evidence of registration, citing Local Rule 56(e) for the proposition that the printouts would not be admissible at trial. In objecting to the report and recommendation, LAMCO

indicated that the printouts ought to be considered but did not address the issue of admissibility. The district court adopted the magistrate judge's recommendation to dismiss the claim. In its appellate brief, LAMCO yet again lists the printouts as evidence of registration but presents no argument as to their admissibility. Its failure to raise the claimed evidentiary error before the district court and to present developed argumentation on appeal constitutes a clear waiver. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). The reviewing court cannot be expected to "do counsel's work, create the ossature for the argument, and put flesh on its bones." Id. Accordingly, we do not decide whether the catalogue printouts ought to be admissible or whether they would have been sufficient evidence of registration to preclude summary judgment.

## III.

For the foregoing reasons, we **affirm** the judgments of the district court.