NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1531                                          Appeals Court

     DAVID A. ALVES  vs.  MASSACHUSETTS STATE POLICE & others.[1]


                        No. 15-P-1531.

       Bristol.     November 3, 2016. – January 4, 2017.

            Present:  Agnes, Blake, & Desmond, JJ.


Res Judicata.  Collateral Estoppel.  Judgment, Preclusive
     effect.  Negligence, Police.  Practice, Civil, Summary
     judgment.  State Police.



     Civil action commenced in the Superior Court Department on
June 29, 2012.

     The case was heard by Richard T. Moses, J., on a motion for
summary judgment.


     Sonja L. Deyoe for the plaintiff.
     Adam R. LaGrassa, Assistant Attorney General, for
Massachusetts State Police.


     BLAKE, J.  Following the execution of an anticipatory

search warrant, Massachusetts State police officers arrested the

plaintiff, David A. Alves, on various charges stemming from the

_____

     [1] Paul Baker and William Donnelly.  Neither Baker nor
Donnelly is a party to this appeal.

seizure of a package containing approximately twenty-five pounds of marijuana.  The charges were subsequently dismissed, whereupon Alves filed a civil suit in the Superior Court asserting Federal civil rights violations against two State police officers, Paul Baker and William Donnelly, and negligence claims against the State police.  The officers removed the Federal claims to the United States District Court for the District of Massachusetts (Federal District Court), where a magistrate judge allowed Baker's motion for summary judgment.[2]  The State police then filed a motion for summary judgment in the Superior Court, where the State-based claims remained.  Relying on the findings of fact made by the magistrate judge in his resolution of the Federal claims, a judge of the Superior Court allowed the motion.  Alves now appeals.  We agree that the matter is governed by principles of issue preclusion and accordingly affirm.

Background.  After intercepting a suspicious package addressed to a recipient in Massachusetts, a postal inspector at the processing and distribution center of the United States Postal Service in Providence, Rhode Island obtained a Federal search warrant to search the package.[3]  The inspector found

---

[2] Alves voluntarily dismissed his claim as to Donnelly.

[3] The package was heavy, was sent express mail at a high cost, bore a California return address, and was heavily taped.

approximately twenty-five pounds of marijuana in the package, with an approximate street value of $35,000. The inspector contacted Baker, a Massachusetts State police trooper, who obtained an anticipatory search warrant from the Taunton District Court, to be triggered by the acceptance or acquisition of the package, which bore a distinctive tracking number, and was addressed to "John Couture 443 Weir Street, Taunton, MA." The search warrant authorized the retrieval of the package from "44 [sic] Weir Street . . . [a] gray, two-story, multi-unit building" and from "[a]nyone who accepts the package for 443 Weir Street, Taunton."[4] The warrant did not limit the search to a specific unit within that building. 443 Weir Street is located at the corner of Forest and Weir Streets in Taunton.

Upon the execution of the warrant, Alves answered the door to unit 2 and indicated to the postal inspector that he was expecting a package. Unit 2 is one of the units within 443 Weir Street, but its entrance faces Forest Street. Ultimately, another person from unit 2 signed for and accepted the package.

_____

The addressee listed did not match the name of the person residing at the listed address, and, upon being contacted by the postal inspector, the listed senders denied having sent it. A canine from the Rhode Island State police also gave a strong positive alert for marijuana after examining the package.

[4] The parties agree that the warrant's reference to "44 Weir Street" is a typographical error. The street address was actually 443 Weir Street.

Alves was arrested and was unable to post bail.  Approximately three months later, the charges against him were dismissed.[5]

On June 29, 2012, Alves filed a complaint in the Superior Court alleging two counts of negligence against the State police -- one for the negligent execution of the search warrant and the other for inadequate training or supervision -- and two counts of Federal civil rights violations against the officers pursuant to 42 U.S.C. § 1983.  As we have noted, the officers removed the claims against them to the Federal District Court where, by decision dated April 9, 2014, a magistrate judge allowed Baker's motion for summary judgment, ruling that the lawful execution of the search warrant provided probable cause to arrest Alves.  Alves did not appeal that ruling.[6]  Some eight months later, on December 24, 2014, the State police moved for summary judgment in the Superior Court.  After hearing, in a decision dated April 6, 2015, a judge of the Superior Court allowed the motion, holding that principles of issue preclusion barred further litigation of Alves's claims.[7]  This appeal followed.

---

[5] The record does not indicate the basis for the dismissal.

[6] The decision of the magistrate judge was therefore final, as the parties had consented to jurisdiction by a magistrate judge.

[7] At the Superior Court hearing on the motion for summary judgment, Alves abandoned the count alleging failure to train or supervise.  Thus, at the time the Superior Court judge ruled on

Standard of review. Summary judgment shall be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). We review the allowance of a motion for summary judgment de novo. Juliano v. Simpson, 461 Mass. 527, 529 (2012). "Whether a previous decision is to be given preclusive effect presents a question of law appropriate for resolution on summary judgment." Alicea v. Commonwealth, 466 Mass. 228, 234 (2013), citing Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 469 (2013).

Discussion. Resolution of Alves's claims on appeal requires us to determine whether the magistrate judge's decision has a preclusive effect on Alves's State-based negligence claim. Whether a Federal court judgment precludes a State-based action in the Commonwealth is a question governed by Federal common law. Alicea, 466 Mass. at 234-235, citing Taylor v. Sturgell, 553 U.S. 880, 891 (2008).[8] "Under Federal common law, the doctrines of claim preclusion and issue preclusion

---

the motion, the only count remaining was against the State police for negligent execution of the search warrant.

[8] Here, as in Alicea, the Federal District Court's jurisdiction over Alves's claims under 42 U.S.C. § 1983 was premised on Federal question jurisdiction, to which the rules of res judicata developed by the Federal courts apply. Alicea, supra at 235 & n.11.

(collectively, res judicata) define the preclusive effect of a prior judgment." Alicea, supra at 235. "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Santos v. U.S. Bank Natl. Assn., 89 Mass. App. Ct. 687, 692 (2016). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Alicea, supra, quoting from Taylor, supra at 892. Together, claim preclusion and issue preclusion promote judicial economy and comity between the State and Federal courts, prevent the cost and aggravation of additional litigation, and encourage reliance on prior adjudications. Alicea, supra at 235-236.

At issue in this case is the question whether there is an identity of issues between those determined by the magistrate judge and those necessary to the State court action such that the doctrine of issue preclusion applies. It allows preclusion when "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." Alicea, supra at 236,

quoting from Latin Am. Music Co. v. Media Power Group, Inc., 705 F.3d 34, 42 (1st Cir. 2013). On the record here, the State police have met their burden as to each of the four prongs. As Alves challenges only the first and fourth prongs on appeal, we examine those in turn.[9]

1. Issue to be precluded. To satisfy the first prong of the analysis, both the Federal District Court and the State trial court must be called upon to decide the same issue. Here, the Federal and State-based claims arise from the same complaint, and the same factual allegations contained therein. Those allegations give rise to one central issue: whether the police had probable cause to arrest Alves. That issue is at the crux of each claim. To proceed with his § 1983 claim, Alves was required to show that he was subject to an unlawful arrest in violation of the Fourth Amendment to the United States Constitution. To make that determination, the magistrate judge was required to, and did, engage in a detailed probable cause analysis. That analysis included both the execution of the warrant, and the resulting evidence tying Alves to the package.

---

[9] The second and third prongs are easily satisfied. It is apparent from the record that Alves actually litigated the probable cause issue in his § 1983 claim, which was resolved by a valid and binding final judgment in the Federal District Court from which Alves did not appeal. See, e.g., Steele v. Ricigliano, 789 F. Supp. 2d 245, 248 (D. Mass. 2011) (claim preclusion).

To proceed with his negligence claim at the State level, Alves is also required to show, at a minimum, that the officers had no probable cause to arrest him. The issues in each action are thus aligned.

Alves nevertheless contends that the first prong is not satisfied because he faced a higher burden of proof in his Federal case. The argument is unavailing, as both actions require the plaintiff to prove each element of the claim by a preponderance of the evidence. See generally Andrews, petitioner, 449 Mass. 587, 595 (2007) ("[T]he general rule in civil cases is that proof must be by a preponderance of the evidence").[10]

2. Whether the issue was essential to the judgment. As we have already observed, the success of the § 1983 false arrest claim hinged on the probable cause analysis. Alves argues, however, that the magistrate judge's finding as to the location of the search warrant execution, an important fact in the determination of Alves's State negligence claim, was not

---

[10] In support of his assertion, Alves cites the Restatement (Second) of Judgments § 28(4) (1982), which states, in pertinent part, that relitigation of an issue is not precluded where "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action . . . ; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action." None of these scenarios is applicable here.

essential to the magistrate judge's probable cause finding, which had numerous bases. Underlying Alves's argument is his claim that execution of the search warrant was unlawful because it occurred at 2 Forest Street rather than at 443 Weir Street. The magistrate judge explicitly considered the same argument and rejected it, finding that the warrant did not specify a unit or apartment number, and that unit 2 is contained within 443 Weir Street, which is a multi-unit building.[11] That analysis was a key part of his determination that the execution of the search warrant was lawful, which, in turn, was essential to the probable cause finding and ultimate allowance of Baker's motion for summary judgment. See Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 771 (1st Cir. 2010), cert. denied, 562 U.S. 1180 (2011) (intermediate findings in prior action may preclude relitigation). Having thus satisfied the requirements of each of the four prongs, Alves's negligence claim is precluded under Federal law.

Conclusion. Alves had a full and fair opportunity to litigate the issues raised in the first action before the Federal District Court, and there are no circumstances present that justify affording him the opportunity to relitigate those

---

[11] The magistrate judge also considered the manner in which the package was addressed and shipped and what the officers knew about the address at the time the warrant was executed.

same issues at the State level.  See <u>Fidler</u> v. <u>E. M. Parker Co.</u>, 394 Mass. 534, 541 (1985); Restatement (Second) of Judgments § 29 (1982).  Indeed, it is this precise situation that the doctrine of issue preclusion seeks to prevent.  See <u>Rodriguez-Garcia</u> v. <u>Miranda-Marin</u>, 610 F.3d at 770.  We accordingly affirm the judgment of the Superior Court on the ground of issue preclusion.  As a result, we need not reach the other theories advanced by Alves.[12]

<u>Judgment affirmed.</u>

_____

[12] We note that Alves's complaint suggests a claim for negligent false arrest.  We are not aware of any appellate decision in the Commonwealth that recognizes such a cause of action.  Indeed, the claim could be read as an attempt to recast an intentional tort as one which sounds in negligence.  If viewed as an intentional tort, the Massachusetts State police are immune pursuant to G. L. c. 258, § 10(c).  See <u>Barrows</u> v. <u>Wareham Fire Dist.</u>, 82 Mass. App. Ct. 623, 626 & n.2 (2012).