The plaintiff's sixteen year old son, Anthony W. McGrath, was tragically shot and killed after the defendants, police officers in the town of Plymouth, attempted to stop the vehicle he was driving on the streets of Plymouth in the early morning hours of January 10, 2006. The plaintiff filed suit in Federal court, asserting, insofar as relevant here, that the defendants had used excessive force in violation of the Fourth Amendment to the United States Constitution. The defendants obtained summary judgment, and on appeal that judgment was affirmed, on the ground that the conduct of the officer who fired the fatal shot was objectively reasonable and thus did not violate the Fourth Amendment. McGrath v. Tavares, 757 F.3d 20, 25-29 (1st Cir. 2014), cert. denied, 135 S. Ct. 1183 (2015). The plaintiff then filed this wrongful death action in Superior Court. On the defendants' motion, a judge dismissed the complaint for failure to state a claim on which relief could be granted, ruling that issue preclusion barred the plaintiff from proving her claims. The plaintiff appeals. We affirm.
Background. The unfortunate background facts are fully set forth in McGrath, 757 F.3d at 22-24, and need not be repeated here. For present purposes it suffices to reiterate the court's conclusion that in firing four shots, "Officer Tavares's use of deadly force was objectively reasonable because a reasonable officer in the same circumstances could have believed Anthony posed a threat of (at the very least) serious physical harm to his person when [Tavares] fired shots one and two, and an identical threat to Officer Almeida when [Tavares] fired shots three and four." Id. at 29. "As in other Fourth Amendment contexts ... the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). See McGrath, 757 F.3d at 25-26.
The plaintiff then filed this action; her second amended complaint advanced two wrongful death claims under G. L. c. 229, § 2(2). One count asserted that the defendants had engaged in "wanton or reckless" conduct, in "intentional disregard of the ... high degree of probability that substantial harm, or even death, would result." The other count asserted that the defendants had engaged in "intentional and wrongful misconduct" that was "intended to injure, harm and kill" Anthony. The defendants moved to dismiss on issue preclusion grounds, arguing that the Federal court determination of the objective reasonableness of their conduct meant that the plaintiff could not prevail on her wrongful death claims. The motion judge agreed.
Discussion. Issue preclusion. "Whether a Federal court judgment precludes a State-[law]-based action in the Commonwealth is a question governed by Federal common law." Alves v. Massachusetts State Police, 90 Mass. App. Ct. 822, 824 (2017). Under that law, "issue preclusion[ ] applies when: (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." Latin Am. Music Co. v. Media Power Group, Inc., 705 F.3d 34, 42 (1st Cir. 2013) (internal quotations omitted). See Alicea v. Commonwealth, 466 Mass. 228, 236 (2013) ; Alves, 90 Mass. App. Ct. at 825.[4] Issue preclusion operates "even if the issue recurs in the context of a different claim." Alicea, 466 Mass. at 235, quoting from Taylor v. Sturgell, 553 U.S. 880, 892 (2008).
Here, the plaintiff does not contest that the Federal determination of the objective reasonableness of the defendants' conduct is entitled to preclusive effect in her State court action. Instead, she argues that that issue is irrelevant to her State wrongful death claims, which, she contends, turn on the defendants' subjective intent and motivation-issues that were not determined in the Federal litigation. We examine each of her wrongful death claims in light of this argument.
As to the claim asserting that the defendants engaged in wanton or reckless conduct, the judge observed that although recklessness may be proved on either subjective or objective theories, both theories require proof that a defendant acted or failed to act in circumstances creating a risk that was "an unreasonable one under the circumstances." Boyd v. National R.R. Passenger Corp., 446 Mass. 540, 546-547 (2006), quoting from Restatement (Second) of Torts § 500 comment a (1965). The judge concluded that the reasonableness of the risk of death posed by Tavares's conduct was previously determined in the Federal action and could not be relitigated here. Accordingly, the plaintiff could not succeed on her claim that the defendants had acted recklessly or wantonly.[5]
On appeal, the plaintiff insists that her claim requires proof of the defendants' subjective motives and state of mind. But she fails to address the additional requirement stated in Boyd and relied upon by the judge: that, to prove reckless conduct, she must show that the defendants' conduct was unreasonable under the circumstances. She has not identified any error in the judge's reasoning, and we see none.
As to the claim asserting that the defendants engaged in intentional misconduct[6] that was "intended to injure, harm and kill" Anthony, the judge concluded that the defendants had a valid claim of self-defense. The judge relied on the statement in Commonwealth v. King, 460 Mass. 80 (2011), that a claim of self-defense depends, in part, on whether "the degree of force used was reasonable in the circumstances." Id. at 83, quoting from Commonwealth v. Franchino, 61 Mass. App. Ct. 367, 368-369 (2004). Reasoning that self-defense "is assessed by the objective standard utilized by the [Federal court] in resolving [the plaintiff's] civil rights claim," the judge concluded that the preclusive effect of the Federal judgment defeated the plaintiff's ability to prove intentional wrongful death.
On appeal, the plaintiff's brief does not mention self-defense, let alone discuss its various elements. She does not acknowledge or address the judge's reasoning in any way. She merely insists that "an essential element of proof in [her] intentional wrongful death claims is evidence of the actors' subjective motives, intent, and state of mind." But even if such evidence is necessary to her case, she fails to make any argument as to how such evidence could be sufficient to overcome the fact-established in the Federal litigation-that the defendants' conduct was objectively reasonable. Issues not argued are waived. See New England Precision Grinding, Inc. v. Simply Surgical, LLC, 89 Mass. App. Ct. 176, 177 n.3 (2016), citing Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). As the plaintiff has identified no error in the judge's decision, we decline to disturb it.
Judgment affirmed.

It is often the case that after Federal claims are resolved adversely to a party in Federal court, related State court claims are resolved adversely to that party by a dispositive motion based on issue preclusion. See, e.g., Fidler v. E.M. Parker Co., 394 Mass. 534, 535-536 (1985) ; Alicea, 466 Mass. at 229 ; Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 559, 564-565 (2004) ; D.H.L. Assocs. v. Selectmen of Tyngsborough, 64 Mass. App. Ct. 254, 254-255 (2005) ; Alves, 90 Mass. App. Ct. at 824. Issue preclusion operates in State court whether the Federal action was resolved by a jury trial, see Mancuso, 60 Mass. App. Ct. at 560 ; a bench trial, see D.H.L. Assocs. v. O'Gorman, 199 F.3d 50, 53 (1st Cir. 1999), cert. denied, 529 U.S. 1110 (2000) ; or, as here, by summary judgment motion. See Fidler, 394 Mass. at 538-539 ; Alicea, 466 Mass. at 229 ; Alves, 90 Mass. App. Ct. at 824. The resolution of claims by summary judgment does not violate either Federal or State rights to a jury trial. See Fidelity & Deposit Co. v. United States, 187 U.S. 315, 320 (1902) ; Barber v. Kimbrell's, Inc., 577 F.2d 216, 221 (4th Cir. 1978) ; Heddendorf v. Commonwealth, 13 Mass. App. Ct. 584, 585 (1982).

The motion judge did not separately address wantonness, nor have the parties on appeal argued that it requires any proof distinct from that required for recklessness. We therefore assume for present purposes that it does not. See Desmond v. Boston Elev.Ry. Co., 319 Mass. 13, 16 (1946) (treating terms as having same meaning in wrongful death statute); Boyd, 446 Mass. at 548 (referring to "the distinction between negligence and gross negligence, on the one hand, and wanton or reckless conduct on the other," quoting from Commonwealth v. Welansky, 316 Mass. 383, 400 [1944] ).

The wrongful death statute, in allowing recovery for a death caused by "willful" conduct, G. L. c. 229, § 2(2), is broad enough to encompass recovery for a death caused "intentionally," even if that word does not appear in the statute. See, e.g., Desmond, 319 Mass. at 15-16 (noting, in wrongful death case, "absence of evidence of wilful conduct in the sense of conduct intended to do harm"); Gage v. Westfield, 26 Mass. App. Ct. 681, 691 (1988).