NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-815

SAMUEL SMITH

vs.

MCKESSON MEDICAL-SURGICAL INC. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Samuel Smith, an inmate at the Old Colony Correctional Center (OCCC), appeals from a Superior Court judgment dismissing his complaint against McKesson Medical-Surgical Inc. (McKesson) and four members of OCCC's medical staff (OCCC defendants) for failure to state a claim on which relief could be granted.  A Superior Court judge (motion judge) ruled that Smith's claims against McKesson were time barred and that his claims against the OCCC defendants were barred by the doctrine of claim preclusion.  We affirm.

---

[1] John Straus, Emily Holmes, Jessica Labelle, and Nadi Bernard.

Background.  In December 2018, before filing this Superior Court action, Smith filed a complaint in the United States District Court (Federal complaint) against the same defendants as are involved here, and also against a "John Doe" bandage manufacturing company located in China.  The Federal complaint, as later amended, alleged that in September 2018, Smith had sought medical treatment from the OCCC defendants for a small leg wound.  The complaint further alleged that the OCCC defendants had treated him using adhesive bandages manufactured by the John Doe company on McKesson's behalf, as well as with an antibiotic, but that the wound became irritated and badly infected.  Smith attributed this at least in part to the bandages.

The Federal complaint asserted seven numbered claims: (1) the defendants were negligent in manufacturing, marketing, and distributing the bandages; (2) the defendants committed a breach of the implied warranty of merchantability; (3) the defendants failed to warn of the side effects of using their bandages; (4) McKesson violated G. L. c. 93A; (5) the John Doe company violated G. L. c. 93A; (6) McKesson failed to properly label its product; and (7) the John Doe company failed to properly label the chemical ingredients it used to make the product.

2

On the OCCC defendants' and McKesson's motions to dismiss, a Federal judge, giving Smith's pro se complaint the benefit of a liberal construction, interpreted it as attempting to allege that the medical treatment he received violated the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishments.  The judge determined, however, that the complaint failed to state such a claim, because it did not plausibly allege that the OCCC defendants were deliberately indifferent to his medical need.  Indeed, the complaint itself identified a number of affirmative measures that the OCCC defendants had taken to treat his leg wound.

The Federal judge further concluded that the attempted Eighth Amendment claim was the only possible basis for Federal subject matter jurisdiction.  There was no Federal question jurisdiction, because the complaint's additional claims all arose under State law; and there was no diversity jurisdiction, because Smith and the OCCC defendants were all Massachusetts residents.  The judge stated, "Given the dismissal of Smith's only [F]ederal law claim at this early juncture, the [c]ourt declines to exercise supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3)." The judge therefore allowed the OCCC defendants' motion, dismissed the remaining claims for lack of subject matter jurisdiction, and ruled that McKesson's motion to dismiss was

3

moot.  Smith appealed, and on November 2, 2021, the United States Court of Appeals for the First Circuit affirmed the judgment.

Shortly thereafter, on January 20, 2022, Smith filed his Superior Court complaint against McKesson and the OCCC defendants (but not the John Doe company).[2]  The complaint's factual allegations were similar to those of the Federal complaint.  The complaint again asserted seven numbered claims, but this time the final two claims were expressly directed to the OCCC defendants.  The seven claims were (1) the defendants were negligent in manufacturing, marketing, and distributing the bandages and in failing to adequately warn Smith of the dangers associated with the chemical ingredients; (2) the defendants committed a breach of the implied warranty of merchantability; (3) the defendants failed to warn of the side effects of using their bandages; (4) McKesson violated G. L. c. 93A; (5) McKesson failed to properly label its product; (6) "[t]he inadequate protection at the hands of" the OCCC defendants and "the care they provided fell far below the contempora[r]y standards of decency"; and (7) the OCCC defendants violated Smith's rights

_____

[2] At oral argument, Smith asserted that the complaint was filed in December 2021.  The record shows that the complaint was dated December 21, 2021, but was not docketed until January 20, 2022.  As between those two dates, the precise time of filing is not material to our analysis.

4

under the Eighth Amendment and under art. 26 of the Massachusetts Declaration of Rights, which prohibits cruel and unusual punishments.

On the defendants' motions to dismiss, the motion judge ruled, as noted above, that Smith's claims against McKesson were time-barred and that his claims against the OCCC defendants were barred by the doctrine of claim preclusion. This appeal followed.

Discussion. 1. Claims against McKesson. McKesson's motion to dismiss asserted that Smith's claims against it accrued no later than December 6, 2018, when he filed his Federal complaint. Because he did not file his Superior Court complaint until January 2022, McKesson asserted that that complaint was untimely under G. L. c. 260, § 2A, which establishes a three-year limitations period for personal injury claims. The motion judge agreed.

On appeal, Smith argues based on Jinks v. Richland County, 538 U.S. 456 (2003), that the limitations period was tolled while his Federal case was pending, making his Superior Court complaint timely. In Jinks, the Court upheld against a constitutional challenge to a Federal statute providing, as relevant here, that when a Federal complaint asserts a State law claim over which a Federal district court could exercise supplemental jurisdiction, "[t]he period of limitations for any

5

[such] claim . . . shall be tolled while the claim is pending and for a period of [thirty] days after it is dismissed unless State law provides for a longer tolling period." Jinks, supra at 459, quoting 28 U.S.C. § 1367(d). That provision "suspends the statute of limitations for two adjacent time periods: while the claim is pending in [F]ederal court and for [thirty] days postdismissal . . . . That is, the limitations clock stops the day the claim is filed in [F]ederal court and, [thirty] days postdismissal, restarts from the point at which it had stopped." Artis v. District of Columbia, 583 U.S. 71, 83-84 (2018).

The problem with Smith's argument here is that he failed to raise it in the Superior Court. The argument is therefore waived. See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983) (party is not entitled to review of issue not presented in trial court). The most Smith asserted in the Superior Court was that "time was tolled upon filing requirements of []G. L. c. 93A and the litigation in Federal [c]ourts"; he cited nothing to support this proposition or otherwise to alert the motion judge that some federal statute might have tolled the limitations period. We conclude that Smith "did not sufficiently raise the issue below and is therefore barred from raising it on appeal." Boss v. Leverett, 484 Mass. 553, 562 (2020). See Commonwealth v. Bly, 444 Mass. 640, 650-651 (2005) (explaining importance of waiver doctrine).

6

Smith also argues that a statute of limitations defense cannot properly be resolved on a motion to dismiss, as occurred here, but instead must await the summary judgment phase of a case. But the case he cites for this proposition, Jones v. Bock, 549 U.S. 199 (2007), states the contrary. "If the allegations [of a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Id. at 215. Here, the allegations of Smith's complaint showed that by October 2018, more than three years before he filed the complaint, he knew he had suffered harm and he believed McKesson's bandages to be partly responsible.[3] Smith has therefore shown no cognizable error in the motion judge's dismissal of his claims against McKesson.[4]

---

[3] That Smith alleged he was hospitalized for a flareup of his infection in August 2020, does not mean the statute did not start to run until then. "The plaintiff need not know the full extent of the injury before the statute starts to run." Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990).

[4] In his opposition to McKesson's motion to dismiss, Smith asserted that the limitations period applicable to those claims was four years, rather than three. Smith has not renewed this argument on appeal, and therefore we do not consider it. We "need not pass upon questions or issues not argued in the brief." Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). See Tedeschi-Freij v. Percy Law Group, P.C., 99 Mass. App. Ct. 772, 781 (2021).

7

2.  Claims against OCCC medical staff.  The OCCC defendants' motion to dismiss asserted that Smith's claims against them were barred by claim preclusion (a form of res judicata), because the claims either were or could have been asserted in the Federal case.  The motion judge agreed.  In reviewing that decision, we apply Federal law.  "When a State court is faced with the issue of determining the preclusive effect of a Federal court's judgment, it is the Federal law of res judicata which must be examined."  Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 449 (1982).

a.  Eighth Amendment claim.  The motion judge's dismissal of the Eighth Amendment claim was plainly correct.  The Federal judge had dismissed that claim for failure to state a claim, and the First Circuit had affirmed that judgment, yet Smith reasserted the claim in his Superior Court complaint based on essentially the same facts.  Under Federal law, as in Massachusetts, "a dismissal for failure to state a claim, under [Rule] 12(b)(6), operates as a dismissal on the merits . . . with res judicata effect."  Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983).  And "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" (citation omitted).  Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998).  The

motion judge's dismissal of the Eighth Amendment claim was therefore warranted.  Indeed, Smith's appellate brief appears to concede that "the argument to dismiss the [F]ederal civil rights portion of his [S]tate [complaint] is proper."

b.  Art. 26 claim.  The motion judge's dismissal of the art. 26 claim was likewise proper.[5]  That claim grew out of the same nucleus of operative facts as the Eighth Amendment claim, and it could have been asserted in the Federal case, just as was the Eighth Amendment claim.  Once the Federal case was dismissed on the merits, Federal claim preclusion doctrine barred Smith from raising the art. 26 claim in Superior Court.[6]  See Massachusetts Sch. of Law at Andover, Inc., 142 F.3d at 38.

We acknowledge that, as to those State law claims that Smith actually asserted in the Federal case, the Federal judge dismissed the claims not on the merits but because he declined

---

[5] We treat Smith's Superior Court claim that the OCCC defendants provided care falling "far below the contempora[r]y standards of decency," as essentially duplicating his art. 26 claim for cruel and unusual punishment and therefore as requiring no separate discussion.  Smith acknowledged at oral argument that his "contempora[r]y standards of decency" claim was a cruel and unusual punishment claim.  See, e.g., Commonwealth v. Mattis, 493 Mass. 216, 221, 224 (2024) (resolving art. 26 claim based in part on contemporary standards of decency).

[6] "Whether a Federal court judgment precludes a State [law]-based action in the Commonwealth is a question governed by Federal common law."  Alves v. Massachusetts State Police, 90 Mass. App. Ct. 822, 824 (2017).

9

exercise supplemental (or pendent) jurisdiction over them. The dismissal of those claims has no preclusive effect that is relevant here; Smith tried to assert them in timely fashion but, for reasons beyond his control having nothing to do with the merits of the claims, was unable to obtain a final decision on them.

But the rule is different for State law claims, like the art. 26 claim, which Smith could have asserted in the Federal case but did not. "Simply stated, if a set of facts gives rise to a claim based on both State and Federal law, and the plaintiff brings the action in a Federal court which had 'pendent' jurisdiction to hear the State claim but the plaintiff declines to assert such State claim, he may not subsequently assert the State ground in a State court action" (emphasis added). Anderson, 387 Mass. at 450. Under this rule, the art. 26 claim in State court was barred.

Although there is an exception to this rule in situations where the Federal court "clearly would have declined to exercise" supplemental jurisdiction over the State law claim "as a matter of discretion" had the claim been asserted, Anderson, 387 Mass. at 450, that exception does not apply here. To be sure, the Federal judge did decline to exercise supplemental jurisdiction over the State law claims (essentially, product liability claims) that were expressly asserted. But it is far

10

from clear that he would have done so with the art. 26 claim, had it been asserted in the Federal case. The art. 26 claim was closely related to the Eighth Amendment claim on which the Federal judge did rule. It was based on the same facts and was governed by a similar if not identical legal standard. Compare Torres v. Commissioner of Correction, 427 Mass. 611, 615-616, cert. denied, 525 U.S. 1017 (1998) (stating art. 26 standard), with Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014), cert. denied sub nom., Kosilek v. O'Brien, 575 U.S. 998 (2015) (stating Eighth Amendment standard). Had Smith chosen to assert the art. 26 claim in Federal court, the Federal judge could well have exercised his discretion to address it on the merits just as he did the Eighth Amendment claim. Smith's decision to reserve his art. 26 claim for assertion in State court was therefore a form of claim splitting. It burdened the court system as a whole with essentially duplicative claims -- a result that claim preclusion doctrine is designed to avoid.

c. Other claims. On appeal, Smith argues that his Superior Court complaint also asserted claims against the OCCC defendants for "medical negligence, the failure to notify [him] of adverse side effects, and to effectively treat [him] [in a manner] that medical standards dictate." Smith argues that these claims should not have been dismissed.

11

We do not see these claims anywhere in the complaint.  As we recounted above, that complaint asserted seven claims, only two of which expressly named the OCCC medical staff as defendants.  The remaining five claims either were expressly asserted only against McKesson;[7] or were asserted more generally against the defendants, but were based on facts that applied only to McKesson.[8]  Nowhere did any of the seven claims refer to medical negligence or the like.  Similarly, Smith's memorandum in opposition to the OCCC defendants' motion to dismiss did not refer to any of the medical negligence claims he now argues were asserted in his complaint.  Instead, that opposition focused on what Smith termed his "claims of deliberate indifference," i.e., his art. 26 and Eighth Amendment claims.

In sum, Smith's Superior Court complaint enumerated seven specific claims, yet he did not list, or otherwise give fair notice of, any claims for medical negligence or the like.  And

---

[7] These were the claims for McKesson's violation of G. L. c. 93A and for McKesson's failure to properly label its product.

[8] These were the claims for negligent manufacture, marketing, and distribution of the bandages and failure to adequately warn Smith of the dangers associated with their chemical ingredients; breach of the implied warranty of merchantability; and failure to state any of the side effects of their "adhesive band-aids use."  The factual allegations of the complaint do not plausibly allege that the OCCC medical staff did any of these things.  In particular, Smith never alleged that the OCCC defendants knew, yet failed to warn him, of any adverse side effects of using McKesson bandages.

when the OCCC defendants moved to dismiss, Smith's opposition still failed to identify such claims.  We recognize both that there is no requirement for a complaint to state the correct legal theory of the case and that pro se filings are to be interpreted liberally.  See Haas v. Commissioner of Correction, 103 Mass. App. Ct. 1, 6 (2023).  Still, every litigant has a responsibility to clearly state what that litigant is asserting -- to give the trial court judge reasonable notice of the litigant's claims and arguments -- so that they may be fairly addressed and correctly resolved before any appeal is taken. Smith failed to do so here.  See Albert, 388 Mass. at 493-494. The motion judge did not err in dismissing the complaint without addressing whatever medical negligence claims might have been lurking somewhere in the complaint, or in Smith's plans for the litigation, but which he never clearly identified.

Judgment affirmed.

By the Court (Blake, Neyman & Sacks, JJ.[9]),

*Paul Little*

Clerk

Entered:  September 18, 2024.

---

[9] The panelists are listed in order of seniority.